PEOPLE v. ROBINSON.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCHARGE—SUBSE-
QUENT ARREST—JEOPARDY.
    Discharge by an examining magistrate of a person accused of
    a crime is not a bar on the theory of *res judicata* to his sub-
    sequent arrest, examination, and trial for the same offense,
    because he has not been placed in jeopardy.

2. SAME—CROSS-EXAMINATION—SCOPE OF REDIRECT EXAMINATION.
    Questions by prosecutor to taxicab driver on redirect examination
    as to what defendant's partner in robbery of taxi driver was
    doing when taxi driver handed money back to them were not
    erroneously permitted where defense counsel on cross-examina-
    tion had questioned the taxi driver concerning the possibility
    of the partner having held the rifle in 1 hand, and prosecutor
    elicited testimony from taxi driver that defendant's partner
    had been holding the rifle in 2 hands, inasmuch as the pros-
    ecutor merely brought out more fully facts inquired into by
    defense counsel on cross-examination (CL 1948, § 750.529).

3. TRIAL—INSTRUCTIONS.
    Instructions must be considered in their entirety and error can-
    not be established by one phrase lifted from the whole charge,
    unless the phrase prejudices the entire charge.

4. CRIMINAL LAW—INSTRUCTIONS—ARMED ROBBERY.
    Part of instruction to jury indicating that testimony by de-
    fendant's partner in armed robbery, taken from partner's trial,
    was permitted in defendant's trial as a test of partner's
    credibility and to refresh his memory, if it needed refreshing,
    as to what the real facts were did not prejudice defendant
    because the instruction, read in its entirety, presented the
    jury with a fair statement of the law (CL 1948, § 750.529).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 177.
[2] 58 Am Jur, Witnesses § 562.
[3] 53 Am Jur, Trial § 842.
[4] 46 Am Jur, Robbery § 58; 53 Am Jur, Trial § 842.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 January 9, 1968, at Grand Rapids. (Docket No. 3,153.) Decided April 24, 1968.

William Robinson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *S. J. Venema,* Assistant Prosecuting Attorney, for the people.

*Walter B. Freihofer,* for defendant.

BURNS, J. Defendant was convicted by a jury of armed robbery* and appeals.

Defendant and Richard Nelson were customers riding in Francis W. Forsythe's taxicab. Before these passengers arrived at their destination, Nelson, who was sitting in the right rear seat, ordered Forsythe to stop. Forsythe testified that after a discussion concerning the fare, the one on the right (Nelson) said, "Well, give it to us." When Forsythe turned around Nelson had a gun raised. The other person said, "Just give us the loot." Forsythe took his money from his shirt pocket and handed it to the party behind him. Forsythe testified as follows:

*"Q. [prosecuting attorney]* Go ahead now. You were at the point where you said you turned around and saw a gun toward you?
*"A.* Yes.
*"Q.* Start there and tell what happened.
*"A.* Then I looked and the other voice said, 'Just give us the loot.' So I reached for my shirt pocket which I had the bills in and handed them back.

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

"*Q.* Back. Who took those bills?

"*A.* The party that was behind me would have had to take them because the other one had the gun in his hands.

"*Q.* And you handed the bills behind you?

"*A.* Yes.

"*Q.* And the man behind you took the bills?

"*A.* That's right."

The defendant claims that he had already stepped out of the cab when the holdup took place and that Nelson was the sole participant in the crime.

The defendant was arrested and demanded preliminary examination, at the conclusion of which the case was dismissed for lack of probable cause. The defendant was later rearrested and, at the conclusion of the second preliminary examination, bound over to circuit court for trial.

The defendant first claims that the dismissal of the original case for lack of probable cause bars a subsequent prosecution on the theory of *res judicata.* This theory was answered in *People* v. *Miklovich* (1965), 375 Mich 536. The Court said on page 539:

"The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy."

Defendant claims the trial court erred by allowing the prosecution to ask Forsythe on redirect examination what Nelson was doing when Forsythe was handing the money back. Defense counsel on cross-examination had questioned Forsythe concerning the possibility of Nelson having held the rifle in one hand. The prosecution on redirect elicited testimony from Forsythe that Nelson had been holding the rifle in two hands. The prosecution merely brought out more fully facts inquired into by defense counsel

on cross-examination. This was not error. *People v. Parker* (1943), 307 Mich 372.

During Robinson's trial Nelson testified contrary to the testimony which he gave at his own trial. The prosecution used the transcript from Nelson's trial to impeach his testimony and refresh his memory. After Nelson's direct examination and prior to defense counsel's cross-examination, the trial judge instructed the jury to the effect that Nelson's testimony at his own trial could not be used as proof against the defendant. One sentence in the instruction was:

"What it was permitted to be used for was to test this man's credibility and refresh his memory, if it needed refreshing, as to what the real facts were."

Defense counsel argues that the last phrase of the foregoing sentence was an implication by the judge that he believed Nelson was telling the truth at his own trial and that this inference could have influenced the jury.

Instructions must be considered in their entirety; error cannot be established by one phrase lifted from the whole charge, unless the phrase prejudices the entire charge. *People* v. *Clark* (1945), 312 Mich 665; *People* v. *Hancock* (1950), 326 Mich 471; *People* v. *McIntosh* (1967), 6 Mich App 62.

The trial judge's instruction, when completely read, presented the jury with a fair statement of the law and was not erroneous.

The record did present sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt.

Affirmed.

J. W. FITZGERALD, P. J., and NEAL FITZGERALD, J., concurred.