PEOPLE v. LEM DUMAS

HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER—DELIB-
ERATION—PREMEDITATION—EVIDENCE.
> The trial court properly allowed the jury to consider first- and
> second-degree murder as possible verdicts where deliberation
> and premeditation, which would have been necessary to prove
> first-degree murder, could have been inferred from the char-
> acter of the weapon used, the wound inflicted, and the cir-
> cumstances surrounding the killing and, where there was ample
> evidence for the jury to find murder in the first or second
> degree (MCLA §§ 750.316, 750.317).

Appeal from Lapeer, Norman A. Baguley, J.  Sub-
mitted Division 2 June 10, 1970, at Lansing.  (Docket
No. 7,580.)  Decided July 1, 1970.  Leave to appeal
denied January 21, 1971.  384 Mich 800.

Lem Dumas, Jr., was convicted of second-degree
murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John P. Spires,*
Prosecuting Attorney, for the people.

*Kenneth Smith,* for defendant on appeal.

Before:  McGREGOR, P. J., and BRONSON and
MAHINSKE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide § 525 *et seq.*

PER CURIAM. Defendant was convicted by a jury of second-degree murder and from this he appeals. CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549). He contends that the trial court erred in allowing the jury to consider first- and second-degree murder as possible verdicts, and also, that the instruction as to second-degree murder was incorrect.

Defendant contends that there was no direct evidence produced at trial to sustain a verdict of either first- or second-degree murder. We disagree.

Deliberation and premeditation, which would have been necessary to prove first-degree murder, could have been inferred from the character of the weapon used, the wound inflicted, and the circumstances surrounding the killing. *People* v. *Bauman* (1952), 332 Mich 198, 205; *People* v. *Wolf* (1895), 95 Mich 625, 629. Since there was ample evidence for the jury to find murder in the first or second degree, it was properly a jury question; thus, there was no reversible error in allowing the question to go to the jury.

Defendant's next assignment of error concerns the charge to the jury, in which the judge said, "If the killing was done on sudden impulse then the respondent would be guilty of murder in the second degree." He asserts that this was error because the element of malice aforethought was omitted.

The above quoted language came at the point where the judge was instructing as to the difference between first- and second-degree murder. The judge also stated that, for the killing to be murder in either degree, there must be malice, and instructed the jury that the difference between murder and manslaughter is this element. When the instruction is read as a whole, the instruction with reference to murder in the second degree was correct. The Court, in *People* v. *Robinson* (1968), 11 Mich App 162, 165, held that:

"Instructions must be considered in their entirety; error cannot be established by one phrase lifted from the whole charge, unless the phrase prejudices the entire charge."

Therefore, we conclude that a reading of the charge in its entirety does not establish any reversible error.

Conviction affirmed.