PEOPLE *v.* McKELLER

1. HOMICIDE—SECOND-DEGREE MURDER—EVIDENCE—SUFFICIENCY.

Evidence showing that the defendant, who claimed self-defense at his trial for murder, was armed with a pistol, had a confrontation with the deceased who was armed with a shotgun, that they agreed to talk, that the deceased's wife and the defendant's daughter began fighting, and that the defendant shot the deceased twice, and conflicting testimony whether the deceased raised his shotgun and stepped toward the defendant or whether the deceased kept his shotgun pointed downwards and stepped toward the fighting women was sufficient evidence to support a conviction of second-degree murder.

2. HOMICIDE—MALICE—EVIDENCE.

Malice can be inferred from the type of weapon used and the manner in which a homicide was committed.

3. HOMICIDE — SECOND-DEGREE MURDER — MALICE — EVIDENCE — SUFFICIENCY.

Evidence that the defendant, who claimed self-defense at his trial for murder, was armed with a pistol, had a confrontation with the deceased who was armed with a shotgun, that they agreed to talk, that the deceased's wife and the defendant's daughter began fighting, and that the defendant shot the deceased twice, and conflicting testimony whether the deceased raised his shotgun and stepped toward the defendant or whether the deceased kept his shotgun pointed downwards and stepped toward the fighting women was sufficient to support a jury finding of malice on the part of the defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 40 Am Jur 2d, Homicide § 425 *et seq.*
[2, 3] 40 Am Jur 2d, Homicide § 267.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 December 9, 1970, at Detroit. (Docket No. 7594.) Decided January 25, 1971. Leave to appeal denied June 15, 1971, 385 Mich 755.

Pete McKeller, also known as Curtis McKeller, was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Fred K. Persons,* for defendant on appeal.

Before: Danhof, P. J., and Holbrook and Vander Wal,* JJ.

Per Curiam. The defendant was convicted by a jury of murder in the second degree as charged, CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549). He was sentenced to a term of 4 to 12 years in prison.

On appeal the issues raised are whether there was sufficient evidence to sustain the verdict, and whether there was error in the trial court's instructions to the jury on self-defense and malice.

During the afternoon of June 8, 1968, there were fights between members of the defendant's family and the deceased's family. The police were called twice.

In response to a telephone call by his daughter, the defendant arrived at the scene of the fighting looking for the deceased. A confrontation took place

---

* Circuit judge, sitting on the Court of Appeals by assignment.

between the deceased who was armed with a shotgun and the defendant who had a pistol. The two men agreed to talk. Fighting again broke out between the deceased's wife and the defendant's daughter. There was conflicting testimony as to whether the deceased raised his shotgun and stepped towards the defendant or whether the deceased kept his shotgun pointed downwards and stepped towards the fighting women. The defendant admitted that he shot the deceased twice, but claimed that he acted in self-defense. The credibility and weight to be given testimony is for the jury to decide. *People* v. *Moss* (1969), 16 Mich App 295. We hold that there was sufficient evidence presented from which the jury could find beyond a reasonable doubt that the defendant was guilty of murder in the second degree.

On appeal defendant asserts that there was not sufficient evidence as to the element of malice; therefore, it was error for the trial court to deny a motion for a directed verdict as to murder in the second degree. Malice can be inferred from the type of weapon used and the manner in which the crime was committed. *People* v. *Lem Dumas* (1970), 25 Mich App 173; *People* v. *Case* (1967), 7 Mich App 217. The totality of the circumstances surrounding this armed confrontation are sufficient to warrant a finding of malice on the part of the defendant. The instant case differs significantly from *People* v. *Hansen* (1962), 368 Mich 344; here, the defendant chose to meet the deceased on a neutral field of combat, while in *Hansen* the deceased forced his way into defendant's home. Since malice could be inferred, it was proper for the trial court to deny the motion for directed verdict and, thereby, allow the jury to perform its function as the trier of facts.

The trial court's instructions to the jury included the defense counsel's requested instructions. The

defense counsel expressed satisfaction with the instructions given by the court. No objection having been made, the alleged errors in the instructions have not been saved for appellate review absent a manifest injustice. *People* v. *Charles Jackson* (1970), 21 Mich App 132; GCR 1963, 516.2. We find no manifest injustice.

Affirmed.