## PEOPLE *v.* LUTHER

1. CRIMINAL LAW—DEFENSES—ALIBI—INSTRUCTIONS TO JURY—SUA
   SPONTE INSTRUCTIONS.

   A trial judge is not obligated to instruct the jury regarding the defense of alibi where no request for an instruction on alibi has been made.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSE'S THEORY OF
   CASE.

   Instruction to the jury which explained in detail the elements of the crime charged, what the people had to prove in order for the jury to find the defendant guilty beyond a reasonable doubt, and that the jury was to resolve the issues regarding weight of credibility of testimony, viewed in its entirety, was fair and proper, even though the defendant claimed on appeal that the trial judge erred by failing to present the defendant's theory of the case to the jury.

3. CRIMINAL LAW—EVIDENCE—FLIGHT.

   Evidence of a defendant's flight is not substantive evidence of guilt, but a defendant's flight may be considered along with all other evidence as bearing upon his guilt or innocence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 136, 137.
[2] 53 Am Jur, Trial § 627.
[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 19.
[4] 58 Am Jur, Witnesses § 868.
[5] 29 Am Jur 2d, Evidence §§ 320, 321, 333.

4. Criminal Law—Testifying Defendant—Credibility—Convictions—Arrests.

    The credibility and veracity of a criminal defendant properly become the subject of inquiry when he testifies in his own behalf; the defendant may be asked about prior arrests which resulted in convictions; however, questions as to arrests not involving convictions are proscribed.

5. Criminal Law—Testifying Defendant—Prior Convictions—Prosecutor's Good Faith.

    Prosecutor's asking the defendant if he had ever been arrested or convicted of a crime after reaching 17 years of age did not constitute reversible error or *mala fides* on the prosecutor's part, even though the defendant, who had once been tried for the same crime, but had had his conviction reversed, claimed the prosecutor knew or should have known that he did not have a post-juvenile record, because the question was in the usual and traditional credibility-testing form.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 9564.) Decided May 19, 1971. Leave to appeal granted, appeal subsequently dismissed, 386 Mich 754.

John Henry Luther was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Defendant was previously tried and convicted of robbery armed. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). A new trial was granted because of the erroneous reference to defendant's prior involvement in juvenile court proceedings. *People* v. *Luther* (1969), 20 Mich App 42. Upon retrial, defendant was again convicted by a jury. He appeals of right.

On the evening of August 3, 1967, two youths held up a pharmacy and also robbed customers therein. During the ensuing investigation, police routinely displayed photographs to the robbery victims. A sales clerk employed at the pharmacy identified defendant, John Luther, as one of the holdup men. At a subsequent showup, arranged by the police, she identified him.

On trial, defendant introduced alibi evidence purporting to show him as being somewhere else at the time of the robbery. Additionally, he contended that the following day, accompanied by his brother and two young women, he left for Chicago. This latter testimony was corroborated to a degree.

Defendant alleges several errors by the trial judge in instructing the jury concerning alibi and flight. No requests to charge were submitted nor were any objections made following the charge. The claimed errors were not preserved for review. *People* v. *Virgil Brown* (1969), 15 Mich App 600.

Defendant claims, however, that the trial judge was obligated to instruct as to the defense of alibi, whether or not a request was made therefor. The converse is the settled law of this state. See *People* v. *Griffin* (1922), 219 Mich 617, 619.[1]

---

[1] We note defendant failed to comply with the applicable statute requiring that an accused give appropriate notice of his intention to rely upon the defense of alibi. MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043).

Next, it is claimed that reversible error ensued from failure of the trial court to present defendant's theory of the case to the jury. Based upon our review of the instructions, we conclude that the lower court fairly instructed as to the essentials of the crime charged and explained what had to be proved by the people in order for the jury to find defendant guilty beyond a reasonable doubt. A detailed explanation was made of elements constituting the offense charged. The trial judge further indicated that issues as to weight or credibility of testimony were to be resolved by the jury. Viewed in its entirety, we find the charge comports with the requirements of *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

It is claimed the court erred by instructing the jury as to the significance of evidence relating to the alleged flight from the scene of the crime. The record contains testimony by defense witnesses as to the circumstances surrounding the trip which they made with the defendant the day after the robbery. The trial judge properly instructed that evidence of flight was not substantive evidence of guilt, but that it could be considered along with all other evidence as bearing upon defendant's guilt or innocence, as authorized in *People* v. *Cammarata* (1932), 257 Mich 60, 66.

Finally, defendant asserts that we should reverse the judgment of conviction because of alleged prejudice arising from the following questioning of defendant by the prosecuting attorney:

"*Q.* Mr. Luther, have you ever been arrested and convicted of any crime?
"*The Court:* Wait. Subsequent to 17 though.
"*Mr. Friedman:* Pardon?
"*The Court:* Subsequent to 17, if he has ever been arrested.

*"Q. [by Mr. Friedman continuing]*: Subsequent to the time that you turned 17 years old. After you turned 17 years old, have you ever been arrested and convicted of any crime?

*"A.* Of this crime. This is the only one."

By choosing to take the stand in his own behalf, defendant's credibility and veracity became the subject of inquiry. He could be asked about prior arrests which resulted in convictions. Questions as to arrests not involving convictions are proscribed. *People* v. *Brocato* (1969), 17 Mich App 277.

We note the trial judge immediately limited the period of the inquiry to after defendant reached 17. However, he argues vigorously that asking the question at all evidenced *mala fides* upon the part of the prosecutor because the prosecutor knew or should have known that in fact defendant had no post-juvenile record.

The form of the question was in the usual and traditional credibility-testing form. We are unable to impute *mala fides* to the prosecuting attorney for asking this single question. The answer quite understandably was not directly responsive. It was susceptible of several interpretations. We perceive no prejudice to defendant in this regard.

Defendant has had two full jury trials. Twice he has been convicted. On examination of the whole record, we find no miscarriage of justice. We note with approval the trial judge's immediate intervention in protection of the defendant from any reference to offenses as a juvenile. We note the immediate cessation of the line of questioning by the prosecutor.

We find no error upon which a reversal could be predicated.

The judgment of conviction is affirmed.

All concurred.