PEOPLE v GALINSKI

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION.
   A criminal defendant is precluded from claiming error on appeal where he was properly afforded the opportunity at trial to raise any objections that he might have had but failed to object and where he cannot show the alleged error resulted in a miscarriage of justice.

2. CRIMINAL LAW—APPEAL AND ERROR—STANDARD OF REVIEW.
   The test on review of a criminal case is not whether there were some irregularities, but whether the defendant had a fair trial.

Appeal from Saginaw, Joseph R. McDonald, J. Submitted Division 3 December 7, 1971, at Grand Rapids. (Docket No. 11808.) Decided January 26, 1972. Leave to appeal denied, 387 Mich 793.

Leonard B. Galinski was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George E. Thick, II,* Prosecuting Attorney, and *Irwin F. Hauffe,* Assistant Prosecuting Attorney, for the people.

*Harry M. Titus,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 545, 557.
[2] 5 Am Jur 2d, Appeal and Error § 778.

PER CURIAM. On February 21, 1969, three armed men robbed a service station. In December 1969, defendant was convicted of robbery armed[1] by a jury in Saginaw County.

Station employee Ralph Howard testified that he recognized defendant as a station customer and when defendant saw him, he held his hands up to his face. He also testified that defendant was in front of the cash register at the time he was ushered into a back room. Employee Duane Bull testified that all three of the men involved had guns. $1,450.83 was the sum of the loss. The defense was alibi, and defendant's wife appeared as his only witness and testified that he was out of town on the date of the offense, though she was not with him.

On appeal, defendant asserts that the trial court erred in several areas concerning the conduct of the trial and the charge to the jury. Of the ten issues presented, six are allegedly reversible instructional errors. The remaining four questions challenge the admission of evidence and its sufficiency to convict beyond a reasonable doubt.

It is the rule in Michigan that error may not be assigned to a jury charge unless objection is made before the jury retires. GCR 1963, 516.2. Defense counsel was properly afforded the opportunity at trial to raise any objections that he might have had. Not having objected, he is precluded from claiming error on appeal unless there is a miscarriage of justice. *People* v *Fry,* 27 Mich App 169 (1970); *People* v *Frazier,* 33 Mich App 250 (1971).

At the close of the charge, both counsel indicated their satisfaction with the court's instructions. The record discloses no miscarriage of justice, and the instructions read as a whole stated to the jury the law governing this case.

[1] MCLA 750.529; MSA 28.797.

This Court has repeatedly held that in the absence of manifest injustice, we will not review evidentiary questions not raised in the trial court. *People* v *Gill,* 12 Mich App 383 (1968); *People* v *Maglaya,* 17 Mich App 379 (1969); *People* v *Belcher,* 29 Mich App 341 (1971). Defendant's allegations of improper admission of evidence and his reliance upon the authority he cites are misplaced. The clear showing of injustice necessary to require attention by this Court, without being first preserved by timely objection, has not been demonstrated. The test on review of a criminal case is not whether there were some irregularities, but whether the defendant had a fair trial. *People* v *McClure,* 29 Mich App 361 (1971). The court's discretionary conduct of the trial and the charge given to the jury did not reversibly interfere with defendant's constitutional right to a fair trial.

Defendant's final issue challenges the sufficiency of the evidence to convict. Conflicting testimony was presented and it was properly left to the jury to resolve the conflict. *People* v *Blackwell,* 17 Mich App 377 (1969); *People* v *Clark,* 34 Mich App 70 (1971). The verdict reflects the jury's disbelief of the testimony of defendant's alibi witness. Employee Duane Bull testified that all three robbers had guns. Witness Ralph Howard testified that he recognized defendant and that as he was ushered into another part of the station, defendant was standing near the cash register. The instant record reflects sufficient evidence of defendant's involvement, which if believed, supports the jury's verdict of guilty beyond a reasonable doubt. *People* v *Pigues,* 33 Mich App 349 (1971).

Affirmed.