PEOPLE v BRANNER

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRE-
SERVING QUESTION—TIMELY OBJECTION.

The lack of timely objection at trial precludes appellate review of
claimed instructional error in the absence of manifest injustice.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—ELEMENTS OF
OFFENSE.

The elements of the crime of assault with intent to commit
murder are: (1) an assault; (2) with specific intent to murder; (3)
which if successful would make the killing murder.

3. HOMICIDE—ASSAULT WITH INTENT TO MURDER—INSTRUCTIONS TO
JURY.

Instructions to the jury on the elements of the crime of assault
with intent to commit murder did not effect manifest injustice
so as to constitute reversible error where the court read the
information charging the defendant with the crime and the
statute under which the defendant was charged to the jury,
enumerated the elements of the crime and emphasized that the
element of intent was crucial; the instructions given, when
reviewed as a whole, conformed to the basic legal requirements
of accuracy, fairly presented the relevant matter, and were not
misleading.

Appeal from Oakland, Robert L. Templin J.
Submitted Division 2 April 8, 1974 at Lansing.
(Docket No. 17195.) Decided May 30, 1974. Leave
to appeal applied for.

Jerry Branner was convicted of assault with
intent to commit murder. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 134, 143, 824, 832.
[2, 3] 40 Am Jur 2d, Homicide §§ 568–582.

*Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Sandra M. Kabboush,* Assistant Appellate Counsel, for the people.

*Campbell, Lee, Kurzman & Leitman,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. Defendant was charged on December 7, 1972, with assault with intent to commit murder, contrary to MCLA 750.83; MSA 28.278. He was tried and found guilty of that offense by a jury on February 23, 1973, and was sentenced, on March 30, 1973, to a term of 15 to 40 years.

Because the dispositive issue on appeal concerns alleged instructional error, and defendant concedes that there was sufficient evidence, if believed, to support the conviction, no extended discussion of the facts adduced at trial is necessary. Suffice it to say that the defendant allegedly choked, kicked and stabbed his estranged wife at their former residence.

In his well-reasoned and scholarly brief on appeal, defendant's appellate counsel argues that the trial court's instructions to the jury were legally erroneous and necessitate a new trial. The following instructions by the trial court to the jury are the basis of defendant's contention:

"Now, the People charge in this case in the information that the Defendant, Jerry Branner, of the city of Pontiac in the County of Oakland, on the 6th day of December, 1972 at the said city [sic] of Pontiac, feloniously did assault one Marilyn Branner with a dangerous weapon, to-wit, a knife with intent to commit the

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

crime of murder, contrary to the laws made and provided. Now, this is the charge known as the assault with intent to commit murder, and I will read the statute which is very short, specifically Michigan Statutes Annotated, 28.278:

" 'Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony.'

"And the elements of such offense would be there was an assault, attempt to do harm. That there was an intent, that is particularly essential in the elements of this particular case, that the Defendant did or did not have the intent to commit the crime of murder.

"Now, also there is also included offenses which you must consider. That is the offense of assault with intent to do great bodily harm less than the crime of murder. That is contained in Michigan Statutes Annotated 28.279, section 84, stating that:

" 'Any person who shall assault another with intent to do great bodily harm less than the crime of murder shall be guilty of a felony.'

"There, again, the elements—the two essential elements—one, there was an assault, and the main element is the intent. Did the Defendant have or not have intent.

"There is another lesser included offense which is known, generally speaking, as the crime of felonious assault, and the statute involved is Michigan Statutes Annotated, 28.276, section 1, terms it * * * 'assault with a deadly weapon,' that is 28.277 rather, section 82, and states that:

" 'Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony.'

"This is the third offense I just read in which there must be an assault with a dangerous weapon and the People charge a knife was used in this alleged assault, but there was no intent to commit great bodily harm less than the crime of murder. In the first two citations

the element of intent is the most significant factor to consider and must be proven beyond a reasonable doubt by the People.

"There is a fourth included offense known, generally speaking, as simple assault. That is contained in 28.276, assault and battery which is a misdemeanor and states in section 81:

" 'Any person who shall be convicted of an assault or an assault and battery where no other punishment is prescribed shall be guilty of a misdemeanor.'

"That is known as simple assault."

We note preliminarily that defense counsel did not object to the instructions as given. This Court has repeatedly held that the absence of timely objection at trial precludes appellate review of claimed instructional error in the absence of manifest injustice. GCR 1963, 516.2; *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972).

Having acknowledged the limited scope of our review, defendant first argues that the trial court's instructions with respect to the crime of assault with intent to commit murder were, nonetheless, reversibly erroneous in that they failed to include an essential element of the crime.

The elements of the crime of assault with intent to commit murder are: (1) an assault; (2) with specific intent to murder; (3) and which, if successful would make the killing murder. 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1031, p 1418.

Defendant claims that although below he was satisfied at time of trial with the now-complained-of jury instructions, his conviction should be reversed because the instructions were so violative of fundamental constitutional fairness. Defendant acknowledges the general obligation to object to instructions at the trial level in order to preserve

for appeal any assignments of error, MCLA 768.29; MSA 28.1052; GCR 1963, 516.2. The defendant relies principally upon three cases that he claims modify this general rule—*People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967); *People v McCaleb,* 37 Mich App 502; 195 NW2d 17 (1972); *People v Miller,* 35 Mich App 627; 192 NW2d 517 (1971).

A careful reading of these three decisions reveals that the claimed modification of the general rule relating to objections to jury instructions are unlike the instructions complained of herein.

Contrary to defendant's position, the jury instructions given below did not effect "manifest injustice" so as to constitute reversible error. *People v Galinski,* 38 Mich App 214; 196 NW2d 21 (1972); *People v Laine,* 31 Mich App 271; 187 NW2d 505 (1971); *People v McKeller,* 30 Mich App 135; 185 NW2d 905 (1971); *People v Fry,* 27 Mich App 169; 183 NW2d 377 (1970).

After the trial court instructed on the people's burden to prove their allegations beyond a reasonable doubt, the people's information charging defendant with the crime of assault with intent to commit the crime of murder was read to the jury. The statutory language relating to assault with intent to commit the crime of murder, MCLA 750.83; MSA 28.278, was also read. The trial court enumerated the elements of this crime as an assault (which was defined as the attempt to do harm), and an *intent* to murder. The trial court emphasized that the *"intent to commit the crime of murder"* is crucial.

The trial court's jury instructions do not now meet with defendant's approval, although when reviewed as a whole, they conform with basic legal requirements of accuracy. The instructions that were given fairly presented the relevant matter

and were not misleading. Defendant cannot first exercise at the trial level his discretion regarding trial strategy in not objecting to the jury instructions as given and expressly approve of them, and then after his conviction complain, particularly when he has not shown the clear prejudice and manifest injustice required for reversal by even the authority cited on his behalf. See *People v Barringer* 311 Mich 345; 18 NW2d 850 (1945); *People v Jew,* 21 Mich App 408; 175 NW2d 544 (1970).

These charges, although skeletal and in some respect deficient, do not necessitate reversal of this case, especially so with the overwhelming evidence to support the conviction.

During the trial, the prosecutor informed the trial court of the inability of the people to produce five endorsed witnesses, one of whom was endorsed during trial at the request of defendant. Upon defendant's objection, a hearing was conducted to enable the trial court to determine whether due diligence in efforts to produce these endorsed witnesses could be shown by the people. The court properly made a finding of due diligence and excused the production of those five witnesses.

Conviction affirmed.

All concurred.