PEOPLE v STANEK

1. CRIMINAL LAW—VENUE—ATTORNEY GENERAL—DESIGNATING
   VENUE—COUNTIES—RECORDERS COURT.

   The Attorney General is authorized by statute to designate a
   county of venue in which to prosecute a crime which was
   committed within the State of Michigan where it is impossible
   to determine in what county the crime in fact occurred, and
   where Wayne County is so designated, venue is proper in the
   Recorder's Court for the City of Detroit which is situated
   within Wayne County and is a court of equal stature to a
   circuit court (MCLA 762.3).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI—NOTICE—FAILURE
   TO REQUEST—FAILURE TO OBJECT—PRESERVING QUESTION.

   A court was not required to instruct a jury on a defense theory of
   alibi where the defendant did not give proper statutory notice
   of his intention to rely upon the defense of alibi and where he
   failed to request such an instruction and failed to object to the
   failure of the court to give such an instruction (MCLA 768.20).

3. HOMICIDE—SECOND-DEGREE MURDER—CIRCUMSTANTIAL EVIDENCE—
   SUBMISSION TO JURY—ELEMENTS—EVIDENCE.

   Submission of a second-degree murder charge to the trier of fact
   is proper where there is circumstantial evidence that there was
   a killing, that the accused killed with malice aforethought, but
   without premeditation and deliberation, that the accused
   formed an intent to kill upon a sudden provocation prior to and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 399, 402 et seq.
[2] 21 Am Jur 2d, Criminal Law §§ 136, 137.
   75 Am Jur 2d, Trial § 729 et seq.
   Constitutionality, construction, and effect of statutes requiring no-
   tice to prosecution of accused's intention to rely upon alibi as
   defense. 30 ALR2d 480.
   Duty of court to instruct on the subject of alibi. 118 ALR 1303.
[3] 40 Am Jur 2d, Homicide §§ 44, 50, 53.
[4] 40 Am Jur 2d, Homicide §§ 265, 267.
[5] 40 Am Jur 2d, Homicide §§ 496–498, 525, 532–535.
   75 Am Jur 2d, Trial § 512 et seq.

accompanying the act, and that such provocation did not foreclose the exercise of reason and thus reduce the crime from murder to manslaughter.

4. HOMICIDE—SECOND-DEGREE MURDER—ELEMENTS—MALICE—INFERENCE—WEAPON—MANNER OF COMMISSION.

The element of malice in a homicide trial may be inferred from the type of weapon used and the manner in which the crime was committed.

5. HOMICIDE—SECOND-DEGREE MURDER—MANSLAUGHTER—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—FAILURE TO REQUEST—FAILURE TO OBJECT—EXCLUSION OF LESSER OFFENSES.

A court is not required in a trial for second-degree murder to instruct the jury on the lesser included offense of manslaughter where the defendant does not request such an instruction, where the defendant does not object to the instructions as given, and where the court does not affirmatively exclude lesser included offenses from the jury.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted Division 1 February 14, 1975, at Detroit. (Docket No. 17365.) Decided June 9, 1975. Leave to appeal denied, 395 Mich —.

Frank M. Stanek was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

D. E. HOLBROOK, JR., J. Defendant was charged with murder in the second degree. MCLA 750.317; MSA 28.549. Following jury trial in the Recorder's Court for the City of Detroit he was found guilty as charged. Appealing his conviction as of right defendant claims that the trial court committed reversible error by; (1) trying the defendant in the Recorder's Court for the City of Detroit when jurisdiction had been designated to Wayne County by order of the Attorney General; (2) failing to instruct the jury as to defendant's theory of defense so as to offset the court's detailed description of the prosecution's theory; (3) permitting the cause to go to the jury on the strength of circumstantial evidence; and (4) failing to instruct the jury on manslaughter.

The evidence disclosed that the body of one Darlene McLellan was found in the vicinity of Silver Lake in the northwest portion of Washtenaw County. Expert testimony indicated that death was attributable to an injury to the brain caused by a blow or blows to the head with a blunt instrument. While the evidence was sufficient to warrant a finding that the crime occurred within the State of Michigan it was impossible to prove in what county the crime in fact took place.

Upon request of the Washtenaw County prosecuting attorney, the Attorney General entered an order designating *venue* to be in the County of Wayne pursuant to the provisions of MCLA 762.3; MSA 28.846. Said statute in pertinent part reads as follows:

"If it appears to the attorney general that a felony has been committed within the state and that it is impossible to determine within which county it occurred, the offense may be alleged in the indictment to have been committed and may be prosecuted and pun-

ished in such county as the attorney general designates."

We find appellant's first assignment of error to be misplaced. The order of the attorney general designated Wayne County as the county of venue; not jurisdiction. As previously stated there is sufficient evidence to support a finding that the alleged crime took place within the State of Michigan and defendant does not question the validity of the statute or the authority of the Attorney General to act thereunder. The order of the Attorney General reads as follows:

"Order Designating Venue"

"WHEREAS, It has been made to appear to me by the petition of William F. Delhey, Prosecuting Attorney in and for the County of Washtenaw, State of Michigan, that on or about the 11th or 12th day of May, 1972, a felony was committed within the State of Michigan by one FRANK MICHAEL STANEK, and that it is impossible to determine within which county in said State, said crime was committed;

"AND, WHEREAS, It has further been made to appear to me that the exact location of the commission of the felony in this matter cannot be determined even though an extensive investigation has been conducted.

"NOW, THEREFORE: In accordance with the statute in such case made and provided, I do hereby officially designate the County of Wayne, State of Michigan, as the county in which the perpetrator of said felony shall be prosecuted and punished; and that the County of Wayne shall bear the costs."

Neither the statute nor the order itself refers to a circuit but to a county. The Recorder's Court for the City of Detroit being situated in the County of Wayne and being a court of equal stature to a circuit court, see footnote 11 of *People v White,*

390 Mich 245, 261; 212 NW2d 222, (1973), we find venue to have been proper in the Recorder's Court for the City of Detroit.

Defendant's second claim of error is likewise without merit. On appeal he claims that the court erred in not instructing the jury on the defense theory of alibi. Not only did defendant fail to give the proper statutory notice of intention to rely upon the defense of alibi as required by MCLA 768.20; MSA 28.1043, he also failed to request such an instruction and failed to object to the failure by the trial court to give such an instruction. GCR 1963, 516.2 provides as follows:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

*People v Insley,* 36 Mich App 593; 194 NW2d 20 (1971), *People v Luther,* 33 Mich App 551; 190 NW2d 345 (1971), and MCLA 768.20; MSA 28.1043, resolve this issue against defendant.

Appellant's contention that the trial court committed reversible error by permitting the cause to go to the jury on the strength of circumstantial evidence is similarly ill-founded.

To justify submission of a second-degree murder charge to the trier of fact, there must be evidence that there was a killing, that the accused killed with malice aforethought but without premeditation and deliberation, that the accused formed an intent to kill upon a sudden provocation prior to and accompanying the act, and that such provocation did not foreclose the exercise of reason and thus reduce the crime from murder to manslaugh-

ter. *People v Dawson,* 29 Mich App 488; 185 NW2d 581 (1971), *People v Vail,* 49 Mich App 578; 212 NW2d 268 (1973), *lv granted,* 391 Mich 789 (1974).

Review of the record leads us to conclude there was sufficient evidence to establish the elements of the crime and justify the trial court's submission of the case to the jury, *viz:*

(1) Defendant prior to the murder had confided in Richard McLellan that if decedent did not let him make love to her he would kill her.

(2) Analysis of a vaginal smear taken from the deceased's body indicated the presence of "spermatic spermatozoa".

(3) External examination of the deceased indicated five indentations in the skin around the nipple of the left breast which resembled teeth marks.

(4) Vincente Stanek, defendant's sister-in-law, testified as to a conversation wherein the defendant stated, "[w]hat I should have done was killed her and thrown her in the lake".

(5) Deceased was last seen alive in the company of defendant and defendant admitted that he had said he should have killed deceased, although claiming it to be an euphemism.

(6) The dead body of Darlene McLellan was found severely beaten, bruised, cut, bitten, and marked.

(7) Hair found in the defendant's trunk was compared by an expert and found to be similar in all aspects and not dissimilar in any respects to that of the hair of deceased.

(8) Carpet fibers found inside the defendant's automobile trunk were compared to fibers found on the left arm of the victim's body and found to be not dissimilar.

(9) Blue paint chips found on the victim's body

near the elbow were compared to paint chips taken from the car jack found in defendant's trunk and found to be similar.

(10) Layered red and black paint chips found on the victim's back were compared to paint chips taken from the defendant's car trunk and found to have no dissimilarities.

(11) A tire tread imprint seen in a photograph on the victim's leg was compared to a tire found in the defendant's automobile trunk and found to be similar in all respects.

That there was a killing is not open to question. While defendant asserts there was insufficient evidence as to the element of malice, the element of malice may be inferred from the type of weapon used and the manner in which the crime was committed. *People v Dumas,* 25 Mich App 173; 181 NW2d 89 (1970), *lv den,* 384 Mich 800 (1971), *People v Case,* 7 Mich App 217; 151 NW2d 375 (1967), *People v McKeller,* 30 Mich App 135; 185 NW2d 905 (1971). The totality of the evidence was sufficient to warrant a finding of malice.

In addition we find that the prior actions and conduct of the accused are sufficient to show that appellant killed upon a sudden provocation prior to and accompanying the act; and that such provocation did not foreclose the exercise of reason and thus reduce the crime from murder to manslaughter.

Lastly, we address ourselves to appellant's fourth contention of error. Appellant claims the trial court committed reversible error by failing to instruct the jury on the lesser offense of manslaughter. We disagree. Defendant did not request such an instruction, did not object to the instructions as given, nor, did the trial court affirmatively exclude lesser included offenses from the jury.

Further, review of the record indicates a lack of evidence which could support a finding of guilty as to manslaughter. In view of the foregoing the court was not obligated to so charge. See *People v Mason,* 22 Mich App 595; 178 NW2d 181 (1970), *lv den,* 383 Mich 826 (1970), *People v Taylor,* 44 Mich App 640; 205 NW2d 884 (1973), *People v Carroll,* 49 Mich App 44; 211 NW2d 233 (1973), *lv granted* 392 Mich 812 (1974), *People v Carter,* 387 Mich 397; 197 NW2d 57 (1972), *People v Allen,* 39 Mich App 483; 197 NW2d 874 (1972), *rev'd on other grounds* 390 Mich 383; 212 NW2d 21 (1973).

We find no error.

Affirmed.