COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALLEN EUGENE PITTMAN,

Defendant-Appellant.

UNPUBLISHED
August 20, 2015

No. 317461
Wayne Circuit Court
LC No. 13-002552-FC

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

A jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a), and three counts of second-degree CSC, MCL 750.520c(1)(a). The trial court sentenced defendant to prison terms of 25 to 60 years for each first-degree CSC conviction and 10 to 15 years for each second-degree CSC conviction. Defendant appeals as of right. We affirm.

Defendant was convicted of engaging in sexual activity with his girlfriend's granddaughter between 2011 and October 2012. The victim testified that defendant "touched [her] pee pee" by sticking his hand down her pants and that defendant pulled down her pants and "kissed [her] pee pee." She identified her "pee pee" as her "vagina." The victim testified that defendant engaged in these acts more than once; they usually took place in the garage of his home, which was in Wayne County, but they sometimes happened in the home. The victim also testified that one incident occurred during a vacation in West Virginia.

I. ADMISSION OF HEARSAY UNDER MRE 803A

The victim's mother testified at trial regarding the victim's statements when she first disclosed the abuse. The victim asked to speak to her mother privately and, when they were alone, the victim told her "that [defendant] had touched her pee pee." The conversation stopped when they were interrupted, but once they were alone again, the victim resumed relating what defendant did to her and how it happened. At some later date, the victim told her mother where the acts of abuse occurred.

Although defendant did not object to the challenged testimony at trial, we will deem this issue preserved by defendant's pretrial objection to the admission of the victim's hearsay statements under MRE 803A.[1] Defendant categorizes the victim's disclosures as involving three independent statements, comprised of the initial disclosure (the first statement), the continued disclosure after the initial interruption (the second statement), and the later disclosure describing the locations where the abuse occurred (third statement). He argues that only the first statement, in which the victim related that defendant touched her "pee pee," was admissible as the first corroborative statement under MRE 803A, and argues that the remaining statements were not admissible.

A preserved issue regarding the admission of evidence is reviewed for an abuse of discretion. *People v Hine*, 467 Mich 242, 250; 650 NW2d 659 (2002). An abuse of discretion occurs when the court selects an outcome that is outside the range of reasonable and principled outcomes. *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). A preserved nonconstitutional error regarding the admission of evidence is presumed to be harmless; the error justifies reversal only if it is more probable than not that it affected the outcome of the case. *People v Lukity*, 460 Mich 484, 494-496; 596 NW2d 607 (1999). "An error is deemed to have been 'outcome determinative' if it undermined the reliability of the verdict" in light of the untainted evidence. *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001) (citations and quotation marks omitted).

Hearsay is not admissible unless the rules of evidence so provide. MRE 802. Under MRE 803A, a hearsay statement "describing an incident that included a sexual act performed with or on the declarant by the defendant . . . is admissible to the extent that it corroborates testimony given by the declarant during the same proceeding" if four criteria are met. Those conditions are not challenged here. The rule further provides, however, that "[i]f the declarant made more than one corroborative statement about the incident, only the first is admissible under this rule." The reason a child's first statement is preferred over later statements is because "[a]s time goes on, a child's perceptions become more and more influenced by the reactions of the adults with whom the child speaks." *People v Katt*, 468 Mich 272, 296; 662 NW2d 12 (2003). Thus, the focus is on the first person to whom the child disclosed the abuse. See, e.g., *People v Douglas*, 496 Mich 557, 568-569, 575; 852 NW2d 587 (2014) (where child disclosed the abuse to his mother, his subsequent statement to a forensic interviewer was not admissible).

In this case, the first two statements involved the victim's first report to her mother. The statements were part of the same conversation with the same person, made within a relatively short time of one another. They were not made all at once only because the conversation was interrupted, for reasons unrelated to the statements. Therefore, the purpose for limiting

---

[1] Defendant also argues that defense counsel was ineffective for failing to object to the testimony at trial. We address that argument in section V, *infra*.

corroborative testimony to the first statement was not implicated. Under these circumstances, we conclude that the so-called first and second statements may be considered parts of one disclosure, and thus both were admissible under MRE 803A. Even if the second statement was not admissible, however, we would conclude that the error was harmless.

The mother's testimony about the reported acts of abuse was cumulative of both the victim's own trial testimony and her statements at the medical examination. Inadmissible evidence that is cumulative of other admissible evidence is generally harmless. *People v Matuszak*, 263 Mich App 42, 52; 687 NW2d 342 (2004); *People v Rodriquez (On Remand)*, 216 Mich App 329, 332; 549 NW2d 359 (1996). As defendant notes, cumulative hearsay testimony may be more harmful than not when "the evidence essentially presents a one-on-one credibility contest between the victim and the defendant[.]" *People v Gursky*, 486 Mich 596, 620-621, 786 NW2d 579 (2010).[2] However, the *Gursky* Court went on to state that when the declarant also testifies and is subject to cross-examination, "the hearsay testimony is of less importance and less prejudicial," particularly when it is offered to corroborate the declarant's testimony. *Id.* at 621. Here, the prosecutor argued that the mother's testimony corroborated the victim's testimony. We conclude that it is not more probable than not that any hypothetical error in admitting the second statement was outcome-determinative.

We agree with defendant that the victim's third statement to her mother, regarding the locations where the abuse occurred, was not admissible. Although the third statement was made to the same person as the prior statements, it was made at a different time. Because the victim had already disclosed the abuse to her mother, the third statement was not the first corroborative statement and, therefore, was not admissible. However, the content of the third statement was also cumulative of the victim's trial testimony. The erroneous admission of this statement was not outcome-determinative.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the victim's testimony was insufficient to prove sexual penetration, a necessary element of first-degree CSC. We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). This Court must review the record de novo and, viewing the evidence in the light most favorable to the prosecution, determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997). Circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to prove the elements of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). It is for the trier of fact to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded them. *People v Hardiman*, 466 Mich 417, 428; 646 NW2d

---

[2] It is questionable whether this case could be considered a "one-on-one credibility contest." Defendant never testified and thus the jury was not required to assess defendant's credibility or determine whether he or the victim was the more credible witness.

158 (2002). All conflicts in the evidence are to be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).

First-degree CSC requires proof that the defendant engaged in "sexual penetration" with another person. MCL 750.520b(1). The term "[s]exual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body[.]" MCL 750.520a(r). Cunnilingus has been defined as "the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself, or the mons pubes [sic]." *People v Harris*, 158 Mich App 463, 470; 404 NW2d 779 (1987). The victim testified that defendant kissed her "pee pee," which she identified as her "vagina." That statement was sufficient to allow the jury to find that defendant committed first-degree CSC. We find no basis for reversal.

## III. PROSECUTORIAL MISCONDUCT

Defendant next argues that the prosecutor misstated the law when discussing the elements of first-degree CSC during her closing argument. Defendant did not object to the prosecutor's statement at trial, leaving this issue unpreserved. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Accordingly, our review is limited to determining whether a plain error occurred that affected defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Goodin*, 257 Mich App 425, 431; 668 NW2d 392 (2003).

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial (i.e., whether prejudice resulted)." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). The reviewing court must examine the prosecutor's remarks in context, on a case-by-case basis. *Id.* at 272-273. "A prosecutor's clear misstatement of the law that remains uncorrected may deprive a defendant of a fair trial." *People v Grayer*, 252 Mich App 349, 357; 651 NW2d 818 (2002). For example, a misstatement of the law that severely undermines a viable defense theory and that is not corrected can deprive the defendant of a fair trial. *People v Matulonis*, 115 Mich App 263, 267-268; 320 NW2d 238 (1982). "However, if the jury is correctly instructed on the law, an erroneous legal argument made by the prosecutor can potentially be cured." *Grayer*, 252 Mich App at 357.

In her closing argument, the prosecutor addressed the elements of the two offenses. Regarding the charges of first-degree CSC, she stated:

> The other count is criminal sexual conduct first degree, and this is for kissing her vagina, her genital area. And there's two elements for that, that he kissed her, he touched her with his mouth on her vagina, her genital area, and that she was under the age of thirteen.

First-degree CSC can be proven by evidence that the defendant engaged in sexual penetration with another person who was under 13 years of age. MCL 750.520b(1)(a). Sexual penetration is defined to include cunnilingus. MCL 750.520a(r). The victim, who was eight years old at the time of trial, testified that defendant kissed her "pee pee," which she identified as her "vagina." A touching of the genital area that even slightly penetrates the labia constitutes

sexual penetration. *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012). The trial court instructed the jury that, to find defendant guilty of first-degree CSC, it would have to find, among other things, that defendant "engaged in a sexual act that involved touching of [the victim's] genital opening with the [d]efendant's mouth or tongue." The court also instructed the jury that the lawyer's statements were not evidence and that it was the court's duty "to see that the trial is conducted according to the law and to tell you the law that applies to this case." Under all the circumstances, even if the prosecutor's argument could potentially be deemed problematic, we find no basis for reversal.

## IV. JURY INSTRUCTIONS

Defendant argues that the trial court's final instructions to the jury were incomplete because the court did not give a venue instruction for the charges of first-degree CSC and because it did not include a limiting instruction regarding the purpose for which other-acts evidence was admitted under MCL 768.27a. However, any claim of instructional error was waived by defense counsel's pronouncement that he was "satisfied" with the trial court's final instructions.[3] *People v Carter*, 462 Mich 206, 219-220; 612 NW2d 144 (2000); *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant lastly argues that trial counsel was ineffective in various respects. Defendant raised these claims in a motion for a new trial, which the trial court heard and denied. Whether a defendant has been denied the effective assistance of counsel is a mixed question of law and fact; the trial court's factual findings are reviewed for clear error, but this Court determines de novo whether the facts properly found by the trial court establish ineffective assistance of counsel. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Because the trial court did not conduct an evidentiary hearing, review is limited to the facts on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eloby (After Remand)*, 215 Mich App 472, 476; 547 NW2d 48 (1996). To establish ineffective assistance of counsel, defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy. *People v Horn*, 279 Mich App 31, 37-38 n 2; 755 NW2d 212 (2008).

Defendant first argues that trial counsel was ineffective because he did not object at trial to the victim's hearsay statements to the victim's mother. To the extent that trial counsel's failure to object could be considered objectively unreasonable, we cannot conclude that

---

[3] Defendant's related ineffective-assistance-of-counsel claim based on counsel's failure to object to the jury instructions is addressed in section V, *infra*.

defendant was prejudiced by counsel's error. As previously discussed in section I, *supra*, any error was harmless.

Defendant next argues that counsel was ineffective in the manner in which he cross-examined the victim, for not highlighting certain legal matters during closing argument, and for not moving for a directed verdict on the charges of first-degree CSC. Decisions regarding how to cross-examine witnesses are matters of trial strategy. *In re Ayres*, 239 Mich App 8, 23; 608 NW2d 132 (1999). The decision concerning what evidence to highlight during closing argument is also a matter of trial strategy. See *In re Rogers*, 160 Mich App 500, 505-506; 409 NW2d 486 (1987). The record shows that counsel did not cross-examine the victim regarding her understanding of the terms "pee pee," "vagina," "genital area," and "genital opening," and did not argue the distinction between "genital area" and "genital opening" to the jury. The record also shows that counsel did not move for a directed verdict. The victim testified that defendant kissed her "pee pee," which she identified as her "vagina," and there is nothing to indicate that she used the term "vagina" in something other than its common ordinary meaning. It was not unreasonable for counsel to forego cross-examination on this issue where there was a likelihood that it would only reinforce defendant's culpability. The failure to cross-examine the witness or to argue the matter to the jury was not objectively unreasonable and did not deprive defendant of a substantial defense, especially given that defendant denied doing any sexual touching at all of the victim. In addition, a motion for a directed verdict would have been futile.

Defendant next argues that trial court was ineffective for failing to object to the prosecutor's misstatement of the law during closing argument. To the extent that counsel's decision could be considered unreasonable, it did not affect the outcome of the case, as discussed earlier.

Defendant lastly argues that counsel was ineffective for failing to object to the trial court's jury instructions and for failing to request a limiting instruction regarding the other-acts evidence. Whether to object to the trial court's instructions is a matter of trial strategy. *People v Branner*, 53 Mich App 541, 546; 220 NW2d 183 (1974). Counsel's decision whether to request a cautionary or limiting instruction is also a matter of trial strategy. *People v Rice (On Remand)*, 235 Mich App 429, 444-445; 597 NW2d 843 (1999). Counsel should be deemed ineffective for failing to object to or request a particular instruction only if that instruction pertains to a basic and controlling issue in the case. See *People v Ortiz*, 249 Mich App 297, 312; 642 NW2d 417 (2001).

Defendant contends that counsel should have objected to the jury instructions because the trial court instructed the jury on venue only with respect to the charges of second-degree CSC, and not with respect to the charges of first-degree CSC. Defendant argues that he was prejudiced by this deficiency because there was evidence that he committed an act of first-degree CSC in West Virginia, and the absence of an appropriate venue instruction could have enabled the jury to rely on that evidence to convict him of first-degree CSC. We disagree. The general rule is that a "trial should be by a jury of the county or city where the offense was committed." *People v Lee*, 334 Mich 217, 226; 54 NW2d 305 (1952.) While "venue is not an essential element of a criminal offense," it does present a question of fact for the jury to determine. *People v Gayheart*, 285 Mich App 202, 216; 776 NW2d 330 (2009). Accordingly, this Court has held that "[v]enue

is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt." *People v Webbs*, 263 Mich App 531, 533; 689 NW2d 163 (2004).

The trial court instructed the jury that defendant was charged with three counts of first-degree CSC and three counts of second-degree CSC and that it must consider each count separately. It then instructed the jury on the elements of first-degree CSC and the elements of second-degree CSC, following which it read CJI2d 3.10a (now M Crim JI 3.10a) word for word, which required the jury to find beyond a reasonable doubt that the charged crime occurred in Wayne County. Venue is not an element of the crime, *Gayheart*, 285 Mich App at 216, and thus the venue instruction was not an element of the charge of second-degree CSC as read to the jury. It was simply the next instruction that was read following the elements of the offenses and pertained to all charges at issue. The trial court was not required to repeat the venue instruction with respect to each offense. Because the instruction was proper, counsel was not ineffective for failing to object.

The general rule is that if other-acts evidence is admitted, "the trial court, upon request, may provide a limiting instruction under MRE 105." See *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004) (discussing MRE 404(b)). CJI2d 20.28 (now M Crim JI 20.28) is the standard limiting instruction for other acts of sexual misconduct generally, and CJI2d 20.28a (now M Crim JI 20.28a) is the standard limiting instruction for other acts of sexual misconduct admitted under MCL 768.27a. There is no indication in the record that counsel requested a limiting instruction, but there may have been a legitimate strategic reason for that omission. See *People v Gioglio (On Remand)*, 296 Mich App 12, 22-23; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (2012). It may be reasonable trial strategy not to request a limiting instruction so as "to downplay defendant's prior conduct and the underlying purpose for offering [the] evidence . . . ," *Rice (On Remand)*, 235 Mich App 444-445, especially where, as here, the evidence was admitted "to show [the] defendant's character and propensity to commit the charged crime," see *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). Accordingly, we cannot conclude that counsel's failure to request a limiting instruction was objectively unreasonable.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter

-7-