Per Curiam.
 

 Defendant was charged with third-degree fleeing and eluding, MCL 750.479a, resisting and obstructing an officer, MCL 750.479, and driving with a suspended license, MCL 257.904(l)(a). The district court bound defendant over on all the charges; however, the circuit court quashed the information regarding the fleeing and eluding charge, finding insufficient evidence to establish probable cause that defendant had committed the offense. The prosecution appealed by leave granted, and this Court reversed the circuit court’s order quashing the fleeing and eluding charge on the basis that MCL 750.479a does not require a certain level of speeding or length of chase, and found that sufficient evidence was presented under the provisions of the statute to support the bindover.
 
 People v Grayer,
 
 235 Mich App 737; 599 NW2d 527 (1999). On remand, a jury trial was conducted, and defendant was found guilty of fleeing and eluding but acquitted of resisting and obstructing. Defendant was sentenced to four months in jail, with that sentence suspended, and eighteen months’ probation. He appeals the conviction as of right. We affirm.
 

 I. BASIC facts
 

 Defendant, the Reverend Curtis Grayer, Sr., and his wife were driving home, with defendant behind the wheel, when a police car driven by Calhoun County Sheriff’s Deputy Steven Lewis pulled up behind defendant’s vehicle. Lewis decided to stop defendant’s vehicle because it had a faulty taillight. According to Lewis, he activated his overhead lights and siren just before reaching a railroad crossing, but he promptly
 
 *351
 
 turned off the siren because there was no traffic and defendant was not traveling at an excessive speed. Lewis testified that the speed limit was no more than thirty-five miles an hour and that defendant slowed down to cross the railroad tracks; however, defendant subsequently accelerated to approximately forty to fifty miles an hour. Defendant then entered his property from the rear parking area behind his house. The distance between the point where Lewis first activated his overhead lights and defendant’s home was less than a mile, and the total time of the pursuit was about twenty seconds. Lewis testified that except for defendant’s speeding after the railroad crossing and a subsequent sharp turn down another street, defendant did not make any evasive maneuvers.
 

 Defendant testified that although he was aware that a police car was behind him, he did not hear a siren, and defendant stated that the police car’s overhead lights were not activated near the railroad crossing, but rather at a point close to defendant’s home. Defendant further testified that after slowing down at the railroad crossing, he accelerated to a speed of about twenty-five to thirty miles an hour, and that at no point did he attempt in any manner to flee and elude the police. Defendant acknowledged that he was driving illegally because his license had been suspended.
 

 Lewis testified that once at defendant’s home, defendant and his wife got out of their vehicle and ran, and defendant ran around the side of his house and then sat down on his front porch. Lewis gave chase to defendant, and he kept defendant within his view the entire time of the fifteen-second foot chase. Defendant, sitting on his front porch, told Lewis that
 
 *352
 
 the man he was chasing went around the house, but Lewis indicated that defendant was the person he had been pursuing and defendant was arrested. Defendant then became belligerent, ordering Lewis off his property, insisting that he was not the driver, and demanding to know why he was being arrested. While Lewis was placing defendant under arrest, defendant pushed and shoved Lewis before being subdued.
 

 H. ANALYSIS
 

 A. JURY INSTRUCTIONS
 

 Defendant first argues that the jury was not properly instructed on the elements of fleeing and eluding, because the trial court failed to instruct that the offense requires the fleeing and eluding to occur through affirmative actions taken while driving a motor vehicle and not simply by the failure to submit to the police. Defendant further argues that this unpreserved claim of error amounted to plain error that had a prejudicial effect on his substantial rights.
 

 We review unpreserved issues for plain error affecting a defendant’s substantial rights.
 
 People v Carines,
 
 460 Mich 750, 763; 597 NW2d 130 (1999). In reviewing a trial court’s jury instructions, the appellate court examines the instructions as a whole, and, even if there are some imperfections, there is no basis for reversal if the instructions adequately protected the defendant’s rights by fairly presenting to the jury the issues to be tried.
 
 People v Dumas,
 
 454 Mich 390, 396; 563 NW2d 31 (1997).
 

 The jury was instructed as follows on third-degree fleeing and eluding pursuant to CJI2d 13.6c:
 

 
 *353
 
 First, that the officer was in uniform and was performing his lawful duties and that any vehicle driven by the officer was adequately marked as a law enforcement vehicle.
 

 Second, that the defendant was driving a motor vehicle.
 

 Third, that the officer ordered that defendant stop his vehicle.
 

 Fourth, that defendant knew of the order.
 

 Fifth, that the defendant refused to obey the order by trying to flee or avoid being caught.
 

 And sixth, some portion of the violation took place in an area where the speed limit was 35 miles per hour or less.
 

 Defendant maintains that the fifth element fails to meet the statutory requirements of MCL 750.479a(l), which provides in part:
 

 A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop
 
 shall not willfully fail to obey that direction by increasing the speed of the vehicle, extinguishing the lights of the vehicle, or otherwise attempting to flee or elude the police or conservation officer.
 
 [Emphasis added.]
 

 Although not entirely clear from defendant’s brief, it appears that defendant is arguing that the instruction, as given, fails in two respects. First, it fails to specify that the fleeing and eluding must occur while driving a vehicle and, second, it fails to make a reference to the character of the prohibited conduct, i.e., speeding up, turning off lights, or any other affirmative action. Defendant’s arguments lack merit.
 

 In addressing the fifth element of third-degree fleeing and eluding, this Court in
 
 Grayer, supra
 
 at 741, stated that “the defendant must have refused to obey the order by trying to flee from the officer or avoid
 
 *354
 
 being caught, which conduct could be evidenced by speeding up his vehicle or turning off the vehicle’s lights among other things . . . The
 
 Grayer
 
 panel noted that the statute does not require that “the defendant’s speeding exceed a certain level or that the speeding occur over a long distance in order for the elements of the statute to be met.”
 
 Id.
 
 The
 
 Grayer
 
 panel further noted:
 

 The words “flee” and “elude” as used in [the statute] have not acquired a particular meaning in our courts.
 
 Random House Webster’s College Dictionary
 
 (1997) defines “flee” as “to run away, as from danger or pursuers; take flight; to move or pass swiftly; fly; speed.” It defines “elude” as “to avoid capture or escape detection by; evade.”
 
 Id.
 
 Both terms connote an intent to take affirmative action, not simply fail to submit.
 
 [Grayer, supra
 
 at 740-741.]
 

 In addressing the “otherwise attempting to flee or elude” phrase found in MCL 750.479a, this Court stated that “[t]he use of the ejusdem generis clause . . . means that acts or conduct of the same kind, class, or character as speeding or extinguishing lights are also included within the offense.”
 
 Grayer, supra
 
 at 740, n 2.
 

 With regard to the lack of a reference to a motor vehicle in the instruction on the fifth element of fleeing and eluding, it is abundantly clear from the context of the full instruction under CJI2d 13.6c that the fleeing and eluding involves actions taken while operating the vehicle, and any addition of language to the fifth element would be redundant. Elements one through three refer to the operation of a motor vehicle and an officer’s attempt to stop the vehicle, followed by element four referring to the driver’s knowledge of attempts to stop his vehicle. It would be non-
 
 *355
 
 sensica! to believe that a reasonable juror would not understand that the next element regarding fleeing and eluding would concern the operation of the vehicle.
 

 With regard to the lack of a reference to the character of the prohibited conduct, the term “flee” and the phrase “avoid being caught,” as used in CJI2d 13.6c, clearly connote affirmative actions on the part of the driver whose vehicle the police are attempting to stop. Under the facts presented in this case, the instructions adequately informed the jury of the law. We conclude that there was no plain error and that the jury was properly instructed on third-degree fleeing and eluding.
 

 B. SUFFICIENCY OF THE EVIDENCE
 

 Defendant next argues that the evidence was insufficient to support a fleeing and eluding conviction because the pursuit lasted only twenty seconds, there were no evasive maneuvers taken by defendant, and, at best, defendant only slightly exceeded the speed limit.
 

 When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt.
 
 People v Wolfe,
 
 440 Mich 508, 515-516; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).
 

 As noted above, in
 
 Grayer, supra
 
 at 741, which is binding on us under the doctrines of stare decisis and the law of the case concerning the legal issues
 
 *356
 
 presented, this Court stated that the clear language of MCL 750.479a “reveals no requirement that the defendant’s speeding exceed a certain level or that the speeding occur over a long distance in order for the elements of the statute to be met.” Viewing the evidence in a light most favorable to the prosecution, there was testimony that defendant exceeded the speed limit for a short time; therefore, despite the fact that the speeding was not extremely excessive or long lasting, there was sufficient evidence to support the conviction. Additionally, there was sufficient evidence that defendant was trying to flee and avoid capture in his vehicle as shown by the speeding, the sharp turn made down a street close to defendant’s home, and defendant’s actions after leaving the vehicle. Although the foot chase and defendant’s actions after the vehicle pursuit ended could not form the basis for the fleeing and eluding conviction, the actions constituted circumstantial evidence of defendant’s intent to flee and elude the police while he was operating his vehicle.
 
 Grayer, supra
 
 at 743-744. We conclude that there was sufficient evidence to support the conviction.
 

 ■ C. PROSECUTORIAL MISCONDUCT
 

 Defendant finally argues that the prosecutor argued an erroneous interpretation of MCL 750.479a. Specifically, during closing argument, the prosecutor stated:
 

 [T]here was a whole bunch of testimony on whether or not defendant was speeding, if he was, how fast was he going. And I got news for you[,] it doesn’t matter. It’s not one of the elements. You will not hear from Judge Kingsley that the speeding, if there is any, must go past a certain level. You will not hear that from Judge Kingsley that that
 
 *357
 
 speeding must be over a certain distance or that the pursuit was over a certain distance.
 

 I’ll go over the elements in a moment — when you think about the reason for this law[, it] is for vehicles to stop when there is a signal.
 

 [I]f you look at the driving alone then obviously there was no intent to avoid being caught. And you’re not supposed to do that.
 

 The judge is [going to] tell you in the jury instructions look at the incident as a whole. That is what you are to look to when you apply those facts as a whole to the case. And [defendant] getting out of that car, going to that porch, sitting down and saying the guy you want went that way is his attempt to avoid being caught.
 

 Defense counsel’s objections to the statements above were overruled. Prosecutorial misconduct issues are decided case by case.
 
 People v Schutte,
 
 240 Mich App 713, 721; 613 NW2d 370 (2000). The reviewing court must examine the pertinent portion of the lower court record and evaluate the prosecutor’s comments in context.
 
 Id.
 
 This Court reviews the prosecutor’s remarks in context to determine whether the defendant was denied a fair and impartial trial.
 
 People v Rice (On Remand),
 
 235 Mich App 429, 434-435; 597 NW2d 843 (1999). A prosecutor’s clear misstatement of the law that remains uncorrected may deprive a defendant of a fair trial.
 
 People v Matulonis,
 
 115 Mich App 263, 267-268; 320 NW2d 238 (1982). However, if the jury is correctly instructed on the law, an erroneous legal argument made by the prosecutor can potentially be cured. See
 
 People v Federico,
 
 146 Mich App 776, 799; 381 NW2d 819 (1985).
 

 
 *358
 
 With regard to the prosecutor’s remarks concerning the irrelevance of the extent of the speeding and the length of the pursuit, the remarks accurately reflect the law as noted previously in this opinion.
 
 [1]
 
 With regard to the prosecutor’s remark concerning the reasons for the law, the remark was made outside the context of a discussion of the specific elements of the crime that need be proved and was therefore harmless. With regard to the prosecutor’s remarks concerning defendant’s attempt to avoid capture, which the prosecutor tied into defendant’s actions after he got out of the vehicle, the remarks were erroneous misstatements of the law in the sense that defendant’s actions after leaving the vehicle were not actions to flee and elude while driving the vehicle as required by MCL 750.479a. Although defendant’s actions after leaving his car could be considered in the context of ascertaining defendant’s intent while driving his vehicle,
 
 [2]
 
 the prosecutor’s remarks could clearly be construed as indicating that third-degree fleeing and eluding can be established by acts to elude after defendant no longer was operating his vehicle. However, after defendant’s objection, the prosecutor told the jury that they should listen to only what the judge says is the law and not what the attorneys argue.
 

 Regardless of our conclusion that some of the prosecutor’s statements were erroneous statements regarding the law, we hold that any error was harmless because the trial court correctly instructed the
 
 *359
 
 jury on the law and the essential elements of third-degree fleeing and eluding.
 

 Affirmed.
 

 [1]
 

 To the extent that the prosecutor’s statement could be interpreted as arguing that the issue of speeding, in and of itself, was irrelevant, we disagree because the speeding was virtually the only evidence that defendant was fleeing and eluding while operating his vehicle.
 

 [2]
 

 The prosecutor may very well have intended his remarks to be so limited.