# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 23, 2015

Plaintiff-Appellee,

v

No. 320868
Wayne Circuit Court
LC No. 12-010678-FH

ROBERT A. FOSTER,

Defendant-Appellant.

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of unlawful imprisonment, MCL 750.349b, assault with intent to do great bodily harm, MCL 750.84, assault with a dangerous weapon (felonious assault), MCL 750.82(1), and domestic violence, MCL 750.81(2). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 19 to 40 years for the unlawful imprisonment conviction, 10 to 40 years for the assault with intent to do great bodily harm conviction, 5 to 15 years for the felonious assault conviction, and 93 days, time served, for the domestic violence conviction. We affirm.

This case arises out of a severe domestic violence incident that lasted several days. Defendant raises two issues in his principal brief on appeal and three issues in his "Standard 4" brief. We address each issue respectively.

Defendant first argues that the prosecution committed misconduct[1] by providing an erroneous definition to the jury of the restraint element for unlawful imprisonment. We disagree.

Defendant failed to contemporaneously object to the alleged prosecutorial error and failed to request any curative instruction. Accordingly, this claim of error is unpreserved.

---

[1] As this Court recently noted in *People v Cooper*, ___ Mich App ___; ___ NW2d ___ (2015); slip op at 7-8, although the term "prosecutorial misconduct" has become a term of art often used to describe *any* error committed by the prosecution, claims of inadvertent error by the prosecution are "better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' "

-1-

*People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010) (citing *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008)). Unpreserved claims of prosecutorial error are reviewed for plain error affecting substantial rights, with reversal "warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Bennett*, 290 Mich App at 475-476 (quotation marks and citations omitted). This Court considers allegations of prosecutorial misconduct on a case-by-case basis, reviewing prosecutorial comments in their proper context. *Id.* at 475 (citing *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003)).

Although a clear misstatement of law by the prosecution, left uncorrected, can deprive a criminal defendant of the right to a fair trial, see, e.g., *People v Grayer*, 252 Mich App 349, 357; 651 NW2d 818 (2002), the prosecution did not clearly misstate the law. Defendant argues that no legal authority supports the prosecution's assertion during closing arguments that "one moment of restraint" is sufficient to satisfy the restraint element for unlawful imprisonment. But that statement is directly supported by this Court's opinion in *People v Chelmicki*, 305 Mich App 58, 69, 850 NW2d 612 (2014) (holding that restraint need not last "for any particular length of time," and unlawful imprisonment "can occur when the victim is held for *even a moment*") (emphasis added). Thus, the prosecution did not misstate the law.

Furthermore, even assuming that the prosecution's comments were plain error, and that defendant suffered prejudice as a result, reversal would nevertheless be unwarranted. This Court will not reverse "where a curative instruction could have alleviated any prejudicial effect" from prosecutorial error but the defendant fails to request a curative instruction, *Bennett*, 290 Mich App at 476 (quoting *People v Callon*, 256 Mich App 312, 329-330; 662 NW2d 501 (2003)), and "[c]urative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements . . . ," *Unger*, 278 Mich App at 235 (citation omitted). Since a curative instruction could have remedied any alleged prejudice by providing the jury with an appropriate legal instruction, reversal would be unwarranted even if the prosecution had misstated the law. Additionally, the alleged prejudice *was* cured when the trial court subsequently provided proper instructions to the jury regarding the elements for unlawful imprisonment.

Defendant next argues that, by failing to object to the prosecution's allegedly erroneous definition of the restraint element for unlawful imprisonment, and thereby failing to preserve the issue, defendant's trial counsel rendered constitutionally deficient performance. We disagree.

"[W]hether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Because no *Ginther*[2] hearing was conducted regarding this issue, our review is limited to errors apparent on the record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

When reviewing a claim of ineffective assistance, there is a strong presumption in favor of the adequacy of counsel and "the defendant bears a heavy burden of proving otherwise."

---

[2] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). To assert a valid claim of ineffective assistance, "a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms[,] (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different," and (3) the ultimate result was "fundamentally unfair or unreliable." *Id.*

Defendant's claim of ineffective assistance necessarily fails because, as already discussed, the prosecution did not misstate the law regarding the restraint element for unlawful imprisonment. Defense counsel's failure to make a futile objection to the prosecution's proper statement of the law during closing arguments does not constitute ineffective assistance. See, e.g., *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). Furthermore, since the prosecution's description of the law was accurate, defendant has failed to demonstrate any prejudice from his counsel's allegedly defective performance.

Likewise, " 'declining to raise objections, especially during closing arguments, can often be consistent with sound trial strategy.' " *People v Eliason*, 300 Mich App 293, 303; 833 NW2d 357 (2013) (quoting *Unger*, 278 Mich App at 242). For instance, where a trial court will subsequently instruct the jury regarding the law, counsel may reasonably conclude that an objection to prosecutorial statements would "be superfluous." *Matuszak*, 263 Mich App at 58. This is particularly true because the jury is presumed to follow the trial court's instructions. *Id.* (citing *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998)). Since it is presumed that counsel's trial strategy was effective, *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (citing *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003)), defendant's claim of ineffective assistance of counsel fails; he has cited no record evidence to rebut the presumption that his counsel's trial strategy was effective.

We turn now to the issues raised in defendant's "Standard 4" brief. Defendant first argues that the trial court engaged in judicial misconduct and demonstrated bias, thereby depriving defendant of his right to a fair trial. We disagree.

Because defendant failed to object to the alleged judicial bias and misconduct in the lower court, this issue is unpreserved. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011); *People v Sardy*, 216 Mich App 111, 117-118; 549 NW2d 23 (1996). Unpreserved issues regarding judicial conduct are reviewed for plain error. *People v Conley*, 270 Mich App 301, 305; 715 NW2d 377 (2006) (citing *People v Carines*, 460 Mich 750, 774; 597 NW2d 130 (1999)). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763 (citing *United States v Olano*, 507 US 725, 731-734; 113 S Ct 1770; 123 L Ed 2d 508 (1993)).

Defendant argues that the trial court engaged in misconduct that pierced the veil of judicial impartiality by unduly influencing the jury. See *Conley*, 270 Mich App at 307. The judicial conduct at issue is a statement made by the trial court on the first day of trial, warning defendant that he would be removed from the courtroom if he was disruptive, as he had been in pretrial proceedings. But that warning was given *before* jury selection began and, as such, could not have influenced the jury at all. Thus, this unpreserved claim of error fails because no plain error occurred.

Defendant's remaining allegations of judicial bias and misconduct[3] are totally unsupported by citation to evidence and, after a thorough review of the record, also lack any seeming merit. Accordingly, we conclude that defendant has forfeited those claims of error. *Carines*, 460 Mich at 763; *People v Kammeraad*, 307 Mich App 98, 143; 858 NW2d 490 (2014) (explaining that a defendant cannot merely "assert an error and then leave it up to this Court to discover and rationalize the basis for his claims. . . .") (quotation marks and citation omitted).

Defendant next argues that the prosecution violated applicable discovery rules by failing to produce a requested police record. This issue was waived for appellate review at defendant's preliminary examination when defense counsel explicitly withdrew the discovery request at issue. *People v Carter*, 462 Mich 206, 214-215; 612 NW2d 144 (2000) (explaining that "counsel may not harbor error as an appellate parachute[;] thus, where defense counsel expressly acquiesces to the handling of an issue in the lower court, the issue is waived for appellate review and any error is necessarily extinguished).

Finally, defendant argues that he was denied the effective assistance of counsel at his preliminary examination. We disagree.

Although defendant's argument is largely incoherent, he seems to argue that his counsel had a conflict of interest and somehow aided the prosecution in suppressing evidence. Defendant does not specify what conflict of interest his counsel allegedly had and fails to state what evidence his counsel allegedly helped the prosecution suppress. Because no *Ginther* hearing was conducted on this issue, our review is limited to errors apparent on the record. *Horn*, 279 Mich App at 38. Defendant fails to cite any record evidence in support of this claim of error. Furthermore, upon review of the record, no error is apparent. Thus, defendant has failed to meet the heavy burden of demonstrating that his counsel's performance at the preliminary examination was constitutionally deficient. *Lockett*, 295 Mich App at 187.

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[3] Defendant argues that the trial court denied his counsel's motion for a mistrial on the basis of bias and prejudice, but he provides no evidence of such improper motives. Likewise, defendant claims that the trial court, defense counsel, and the prosecution conspired during a sidebar conference to exclude evidence of defendant's unlawful arrest. Again, defendant cites no evidence to support this bald assertion of misconduct by conspiracy.