# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AWS M. NASER,

Defendant-Appellant.

UNPUBLISHED
October 13, 2015

No.  320388
Oakland Circuit Court
LC No.  2013-244672-FC

Before:  BORRELLO, P.J., and JANSEN and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of armed robbery, MCL 750.529. The trial court sentenced defendant to 3 to 20 years' imprisonment for the conviction.  We affirm.

This case arises from a situation where defendant entered a gas station and removed a bottle of pepper spray from the shelves before walking behind the station counter and up to the cashier, who was engaged in assisting a customer.  Defendant immediately removed a stack of bills from the cash register's open cash drawer.  Defendant, an ex-employee of the gas station, then threatened the cashier with the pepper spray, telling the cashier that he would use the spray if the cashier did not allow him to take the money and hand over his paycheck.  The cashier recognized defendant, who had not worked at the station for months, and told defendant that he did not know where defendant's paycheck was located.  The cashier reached to grab the stack of bills back from defendant, and defendant shot pepper spray in the cashier's face.  After a scuffle, defendant ran out of the store with the money and the pepper spray.

Defendant argues that the evidence presented at trial was insufficient to support a conviction for armed robbery.  Specifically, defendant claims that the prosecution did not prove that defendant possessed the requisite specific intent to steal the property of another in light of defendant's honest belief that he had a right to the property he took.  We disagree.

A challenge to the sufficiency of evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010).  This Court must review the evidence in a light most favorable to the prosecution and determine whether the jury could have found each element of the charged crimes proven beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

-1-

For an armed robbery conviction, the prosecutor must prove that defendant (1) committed larceny, (2) through the use of force or violence, and (3) at the time of the larceny, possessed a dangerous weapon. MCL 750.529; MCL 750.530; *People v Williams*, 288 Mich App 67, 72-73; 792 NW2d 384 (2010), aff'd 491 Mich 164 (2012). The intent necessary for an armed robbery conviction comes from the larceny element, which requires proof that the defendant specifically intended to permanently deprive another person of their property. *People v Lee*, 243 Mich App 163, 168; 622 NW2d 71 (2000); *People v Cain*, 238 Mich App 95, 120; 605 NW2d 28 (1999). Minimal circumstantial evidence suffices to establish the defendant's state of mind, which can be inferred from all the evidence presented. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

Defendant disputes whether felonious intent existed at the time of the taking, and asserts a "claim of right" defense. *Cain*, 238 Mich App at 120. "According to this defense, if a defendant had a good-faith belief that the defendant had a legal right to take the property at issue, then the defendant cannot be convicted because the defendant did not intend to deprive another person of property." *Id*. at 119. The question of honesty of belief involves the weighing of evidence and assessment of the credibility of witnesses, which are issues left to the trier of fact. *Id*. Thus, the honesty of belief necessary to support the claim of right defense does not guarantee acquittal unless the jury believes the defense. *Id*. If the evidence demonstrates that the defendant did not have a bona fide claim of possession, the good faith necessary for a claim of right defense is negated. *People v Karasek*, 63 Mich App 706, 713; 234 NW2d 761 (1975).

Much of the testimony presented at trial was offered to establish defendant's claim to money owed by the store owner for defendant's work as an employee. But a claim of right defense is intended for use in situations where the defendant, in good faith, believes he has "a legal right to take *the property at issue*." *Cain*, 238 Mich App at 120 (emphasis added). It does not entitle an individual to forcibly take from an alleged debtor any property he views as adequate to settle a debt. Whether the store owner owed defendant compensation for work is irrelevant in light of the fact that defendant did not have a bona fide claim of possession to either the cash he took from the cash register or the pepper spray he took from the gas station's shelves. Defendant repeatedly emphasized that he went to the store to recover his *paycheck*, specific property which he believed he was entitled to. However, despite defendant's claim to simply want his paycheck, defendant did not look for the paycheck before grabbing a package of pepper spray off of the shelf, opening it, and using it to steal money from the cash register. The evidence demonstrated that, even if defendant had a bona fide claim to a paycheck, he did not have a bona fide claim to either the pepper spray or the cash in the cash register. Without a bona fide claim to the property taken, defendant's claim of right defense necessarily fails.

Further, the evidence presented was sufficient to support the jury's conclusion that defendant possessed the felonious intent to steal. Given that only minimal circumstantial evidence is necessary to establish intent, defendant's admission that he ran out of the store with the cash and the pepper spray was enough to establish his intent to keep what he had taken. Additionally, a rational trier of fact could have considered defendant's decision to steal the pepper spray before confronting Rehm as an indication that defendant did not walk into the gas station simply intending to claim his paycheck. Defendant did not even ask for his paycheck until *after* he had stolen both the pepper spray and the cash, despite his admission that he knew at

the time of the robbery that paychecks were normally left for employees in a drawer behind the counter.

Questions regarding defendant's good faith belief were for the jury to answer. *Cain*, 238 Mich App at 119. The jury was properly instructed to consider the defendant's claim of right defense. The jury is presumed to have followed that instruction, *People v Abraham*, 256 Mich App 265, 278-279; 662 NW2d 836 (2003), and there is no reason for this Court to question its decisions as fact-finder. Therefore, when viewed in a light most favorable to the prosecution, sufficient evidence existed to support a rational trier of fact's conclusion that defendant's felonious intent was proven beyond a reasonable doubt.

Defendant also argues that certain statements made by the prosecutor during closing arguments misstated the law regarding defendant's claim of right defense and deprived defendant of a fair trial. Although we agree that several statements made by the prosecutor were improper, the error did not deprive defendant of a fair trial.

Defendant did not contemporaneously object to the alleged improper statements at trial. Therefore, the issue is not preserved. *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Unpreserved issues are reviewed for plain error affecting defendant's substantial rights. *Id*. at 453-454. Once the plain error rule is satisfied, a conviction is reversed only if defendant is actually innocent or if the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003).

Prosecutors are typically afforded great latitude regarding their arguments. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Prosecutors should not resort to civic duty arguments that appeal to the fears and prejudices of jury members, express their personal opinion of a defendant's guilt, or denigrate a defendant with intemperate and prejudicial remarks. *Id*. at 283. Otherwise, they are generally free to argue the evidence and all reasonable inferences as may relate to their theory of the case, and are not required to confine their statements to the blandest possible terms. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Improper remarks from the prosecutor rise to the level of prosecutorial misconduct and require reversal when they deprive defendant of a fair and impartial trial. *Id*. at 63. Issues of prosecutorial misconduct are decided on a case by case basis, and this Court must examine the entire record and consider the challenged remarks in context. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014).

Several of the remarks made by the prosecutor during closing arguments misstated the law regarding defendant's claim of right defense. The prosecutor repeatedly suggested that the way in which defendant carried out the alleged robbery had some bearing on his claim of right defense:

> One of the first things the [d]efendant told you when he gave his opening statement is maybe I went about it wrong, and how close that very phrase was to what ultimately in my view becomes the theme here, and the theme was set in stone by you because *it depends on how he did it*. I'll be the first one to tell you there is an onerous instruction that you are going to hear about this really weird

thing called claim of right. *What I'm going to suggest to you [sic] that how the [d]efendant did it matters.*

\* \* \*

Do you honestly believe that his [sic] intelligent [d]efendant here . . . has the right to physically – to physically take on a complete bystander? *Does that mean the [d]efendant could have taken a firearm? Well the instruction says you can use force . . . I guess doesn't that mean for all those out here in our state whose pensions just might start to shrink, does that mean every single one of these thousands of people who may rightfully may think are getting screwed, you all can gang up, ride downtown, get to the emergency manager Orr's office and start looting the place? Are we really about vigilante justice?*

\* \* \*

If it becomes by any means necessary, *there has to be a limit. The instruction is good, but the way the [d]efendant did it, by his own words, he should have done it a different way.*

The prosecutor's characterization of the claim of right defense is inaccurate. The law is clear that, "if a defendant had a good-faith belief that the defendant had a legal right to take the property at issue, then the defendant cannot be convicted because the defendant did not *intend* to deprive another person of property." *Cain*, 238 Mich App at 119. The intent to permanently deprive another person of their property is an essential element of armed robbery, which the prosecutor is required to prove beyond a reasonable doubt. *Williams*, 288 Mich App at 72-73. Thus, without a specific felonious intent, there can be no armed robbery, regardless of how defendant conducted himself. The "limits" on conduct the prosecutor is searching for exist in statutes proscribing violent conduct in any context, including when reclaiming property or settling a debt.

The prosecutor's statements also improperly appealed to the jury's civic duty. A prosecutor may not appeal to the jury's civic duty by injecting issues broader than guilt or innocence or encouraging jurors to suspend their powers of judgment." *Thomas*, 260 Mich App at 455-456. The prosecutor's remarks went so far as to suggest that the jury's acceptance of the claim of right defense in defendant's case would lead to a system of "vigilante justice" throughout the state. These remarks clearly went beyond the scope of defendant's guilt or innocence and encourage the jurors to follow their hearts, rather than the law.

Despite the prosecutor's improper remarks, defendant is not entitled to a new trial. In order for prosecutorial misconduct to be constitutional error, the error must have so infected the trial with unfairness as to render the conviction a deprivation of liberty without due process of law. *People v Blackmon*, 280 Mich App 253, 269; 761 NW2d 172 (2008), citing *Donnelly v DeChristoforo*, 416 US 637, 643; 94 S Ct 1868; 40 L Ed 2d 431 (1974). "A prosecutor's clear misstatement of the law that remains uncorrected may deprive a defendant of a fair trial." *People v Grayer*, 252 Mich App 349, 358; 651 NW2d 818 (2002). However, reversal is only appropriate where a curative instruction could not have alleviated any prejudicial effect. *People*

*v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). If the jury is correctly instructed on the law, a prosecutor's erroneous legal argument can be cured. *Grayer*, 252 Mich App at 358. Here, the trial court corrected the prosecutor's misstatement of the law and alleviated any prejudicial affect the misstatement may have caused when it provided a legally accurate instruction regarding defendant's claim of right defense, which included a clarification that the use of force "does not matter" when defendant honestly believes he has a legal right to the property. The trial court also instructed the jurors after closing arguments that they must only consider the evidence before them, and that the attorneys' statements were not evidence. Jurors are presumed to follow their instructions, and curative instructions are generally sufficient to alleviate the prejudicial effect of inappropriate prosecutorial statements. *Abraham*, 256 Mich App at 278-279. Thus, the prosecutor's improper remarks did not deny defendant a fair and impartial trial.

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Donald S. Owens