# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JACQUELINE SHAREE LEWIS,

Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332424
Wayne Circuit Court
LC No. 15-001875-01-FC

Before: GADOLA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

Defendant Jacqueline Sharee Lewis killed her husband during a domestic fight. She claimed self-defense at trial, but argues on appeal that the prosecutor engaged in misconduct by arguing that the jury must treat her as though she were a man. We find her arguments to be without merit and affirm.

This appeal arises from a shooting that occurred inside the home of defendant and her husband, Cornell Lewis, on February 2, 2015. On that evening, defendant confronted Cornell about an alleged extra-marital relationship he was having. An argument ensued that eventually turned physical. Both spouses threw numerous household items at the other, and pushed each other. Near the end of the altercation, Cornell apparently choked defendant and walked to the couch, reaching into the cushions. Defendant testified that she did not know what Cornell was reaching for, but she also started reaching into the cushions and pulled out a handgun. As Cornell was walking toward defendant yelling, "No," she fired two shots. One shot hit Cornell in his eye and caused his death; another shot hit the couple's daughter in the leg. There was evidence admitted at trial indicating that this was not the first instance of domestic violence in the home.

Numerous charges were filed against defendant stemming from these events. Defendant did not deny that she shot her husband and daughter, but claimed that she did so out of self-defense. The jury rejected defendant's self-defense argument, and found her guilty of voluntary manslaughter, MCL 750.321, two counts of assault with intent to commit great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant appeals her convictions as of right.

The sole issue on appeal is prosecutorial misconduct. Defendant argues that the prosecutor misstated the law with regard to self-defense by arguing multiple times that the jury

-1-

must treat her as though she were a man and hold her to the same standard it would hold a man. According to defendant, by making this argument the prosecutor improperly informed the jury that it could not take defendant's relative size and strength into consideration when assessing defendant's self-defense claim. We disagree.

We review defendant's unpreserved issue for plain error affecting her substantial rights. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Prosecutorial misconduct issues are decided on a case-by-case basis and we review "the prosecutor's statements in context to determine whether the defendant was denied a fair and impartial trial." *People v Grayer*, 252 Mich App 349, 357; 651 NW2d 818 (2002). The prosecutor's statements "are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). Generally, prosecutors are given great leeway regarding their arguments and are "free to argue the evidence and reasonable inferences from the evidence as they relate to their theory of the case." *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

Under these standards, the prosecutor did not engage in misconduct. After reviewing the record, we first note that defendant mischaracterizes the prosecutor's comments. The prosecutor did not argue, as defendant asserts, that the jury must disregard defendant's relative size and weight compared to that of her husband. The prosecutor's comments are more properly characterized as an appeal to gender-neutrality in the proceedings—a call for the jury to decide the case on the facts, rather than on any gender bias. We find the prosecutor's statements entirely proper.

Under MCL 780.972, an individual is permitted to use deadly force when the individual "honestly and reasonably" believes that the use of such force is necessary to prevent imminent death or great bodily harm to herself or another individual. In determining whether an individual had an honest and reasonable belief that deadly force was necessary to protect herself, the jury may consider (1) whether the other person was armed with a weapon, (2) the nature of the other person's threat, (3) the condition of the persons involved, (4) the relative strength of the persons involved, (5) the defendant's previous knowledge of the other person's violent acts or threats, (6) other avenues for the defendant to protect herself, and (7) the excitement caused by the interaction. See M Crim JI 7.15(4)-(5).

Nowhere in the statute or the jury instructions is the jury prompted to consider the genders of the parties involved when addressing the question of self-defense. Indeed, the statute and the jury instructions are written entirely gender-neutral. When referencing a defendant, the statute uses the word "individual" throughout. See MCL 780.972. Similarly, the model instruction indicates that the trial court may choose between "he/she" and "himself/herself" when appropriate. See M Crim JI 7.15.

Nowhere in our precedent is there expressed a lower standard for a woman to prove self-defense than a man. Indeed, the relative size and strength considerations that defendant claims she was denied are proper considerations for both male and female defendants. While in many instances a female defendant may be smaller or weaker than a male attacker, there will inevitably be cases where the female defendant is larger and stronger than her male attacker. Moreover, a male defendant may be smaller and weaker than a male attacker, and a female defendant may be

smaller and weaker than a female attacker. Simply put, the relative size/strength of the actors in a fray is a gender-neutral comparison, and defendant was not deprived of any right to that comparison by the prosecutor's calls for gender-neutrality.

Moreover, to the extent that the jury may have misunderstood the prosecutor's comments as indicating that they could not consider defendant's actual size and weight as relative to her husband, the trial court properly instructed the jury to take the actors' relative size and strength into consideration in its assessment of the self-defense claim. We must presume that the jury followed this instruction, *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), and we conclude that this instruction cured any possible prejudice, *Seals*, 285 Mich App at 22.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle