*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 19, 2023

v

ERIC JUIWANA THOMAS,

Defendant-Appellant.

No. 358437
Ottawa Circuit Court
LC No. 20-044069-FH

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of one count of fourth-degree fleeing and eluding, MCL 257.602a(2). The trial court sentenced defendant to 120 days' incarceration and two years' probation. We affirm.

Defendant's conviction arises from his failure to stop for a police officer who attempted to perform a traffic stop. Ottawa County Sheriff's Deputy Joshua McCarthy observed defendant driving at a speed of approximately 80 to 90 miles per hour in a 45-mile-per-hour zone. Deputy McCarthy caught up to defendant at a red light. He saw that defendant's vehicle did not have a license plate. When the light turned green, Deputy McCarthy activated his emergency lights in an attempt to conduct a traffic stop. Defendant did not pull over. Instead, defendant accelerated to a speed of approximately 60 miles per hour where the road still had a posted speed limit of 45 miles per hour. Deputy McCarthy then activated his siren in a continuing effort to pull defendant over and effectuate a traffic stop. Deputy McCarthy claimed that at this point defendant appeared to wave at the deputy. Deputy McCarthy did not know why defendant was waving, but he did view defendant's act of waving as an acknowledgment of the deputy's presence.

Defendant pulled up to another red light with Deputy McCarthy directly behind him. The deputy still had his siren and emergency lights activated. Once the traffic light turned green, defendant again accelerated to a speed of approximately 60 miles per hour and proceeded down the road with the deputy in pursuit. Defendant drove up behind two vehicles that had slowed down to yield to Deputy McCarthy's approaching police cruiser. Defendant swerved around those vehicles, crossing the median and entering the opposite lane of traffic. After this move, defendant

returned to the proper lane of travel and eventually pulled into the parking lot of a senior living facility. According to Deputy McCarthy, even after defendant pulled into the parking lot, he appeared to briefly accelerate before coming to a complete stop. The deputy indicated that defendant's vehicle bounced up and down several times in the parking lot. The entire incident lasted approximately one minute and 45 seconds from start to finish and encompassed a distance of about one mile. According to Deputy McCarthy, there were approximately 21 businesses along the roadway between the two intersection stops.

Deputy McCarthy testified that defendant exited his vehicle on the deputy's command, and Deputy McCarthy asked defendant about the chase. Defendant acknowledged that he heard the siren and saw the emergency lights. When asked by Deputy McCarthy why he did not stop, defendant responded that he was trying to get home. The deputy described defendant as being uncooperative during the arrest. Defendant took the stand in his own defense, and he gave a version of the incident that greatly differed from Deputy McCarthy's account and that was exculpatory in nature. Defendant was convicted of fourth-degree fleeing and eluding, and this appeal ensued.

On appeal, defendant argues that there was insufficient evidence to support the conviction of fleeing and eluding. More specifically, defendant contends that there was insufficient evidence to establish the requisite intent and to demonstrate that defendant took affirmative evasive measures to elude the police. We disagree.

In *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020), this Court recited the principles applicable to reviewing a sufficiency claim:

> This Court reviews de novo whether there was sufficient evidence to support a conviction. In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. The prosecution need not negate every reasonable theory of innocence; it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. All conflicts in the evidence must be resolved in favor of the prosecution.

> The element of intent may be inferred from circumstantial evidence. Because it can be difficult to prove a defendant's state of mind on issues such as intent, minimal circumstantial evidence suffices to establish a defendant's state of mind. A defendant's intent can be gleaned or inferred from his or her actions. [Quotation marks and citations omitted.]

MCL 257.602a provides, in relevant part, as follows,

(1) A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a *stop shall not willfully fail to obey that direction by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer.* This subsection does not apply unless the police or conservation officer giving the signal is in uniform and the officer's vehicle is identified as an official police or department of natural resources vehicle. [Emphasis added.]

The offense of fleeing and eluding "does not require that the defendant's speeding exceed a certain level or that the speeding occur over a long distance in order for the elements of the statute to be met." *People v Grayer (After Remand)*, 252 Mich App 349, 354; 651 NW2d 818 (2002) (quotation marks and citation omitted).[1]

Consistent with the statutory language in MCL 257.602a(1), the jury in this case was instructed that the prosecution had to prove beyond a reasonable doubt, in part, that the deputy ordered defendant "to stop his vehicle by giving a visual or audible signal by . . . emergency light[] or siren," that defendant "knew of that order," and that "defendant willfully refused to obey the order by attempting to flee or avoid being caught."

Defendant argues that the evidence clearly demonstrated that he had no intent to elude the police; rather, "[h]is intent was . . . to stop for the police in a safe place once he realized he was being pulled over." Defendant also asserts that there was insufficient evidence that he "refused to obey the [officer's] order by trying to flee, elude, or otherwise avoid being caught because he took no affirmative action to elude police."

Viewing the direct and circumstantial evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in favor of the prosecution, deferring to the jury's credibility assessments, and appreciating that minimal circumstantial evidence suffices to establish intent, we hold that there was more than sufficient evidence showing that defendant willfully attempted to elude Deputy McCarthy and that he took affirmative evasive measures to elude the deputy. Defendant's own statements to the deputy that he heard the siren and saw the emergency lights, yet failed to stop because he was trying to get home, were sufficient to demonstrate the requisite intent and to show actions to flee and elude the police. Moreover, while stopped at the first intersection light and despite the fact that Deputy McCarthy activated his emergency lights, defendant did not pull forward slowly in an effort to find a spot to pull over. Instead, he accelerated to the point of exceeding the speed limit and did not take advantage of the parking lots of approximately 21 businesses to safely pull over.

---

[1] We note that the *Grayer* panel construed the crime of fleeing and eluding under MCL 750.479a, but the language in that Penal-Code statute is nearly identical—with no relevant distinctions for our purposes—to MCL 257.602a, which is contained in the Motor Vehicle Code and was charged in the instant case.

But there was even more evidence supporting the conviction. After coming to the second intersection stop, and despite Deputy McCarthy's activating his siren and emergency lights, defendant again accelerated to the point of exceeding the speed limit and failed to pull his vehicle over. And then defendant swerved around two vehicles and into the oncoming lane of traffic, which the jury could reasonably have construed as constituting evasive action. Defendant continued down the road until finally pulling into the parking lot of the senior living facility. Even then, Deputy McCarthy described that defendant briefly accelerated his vehicle in the parking lot. The one-mile distance with two intermittent stops before defendant pulled over also strongly suggested an intent and effort to flee and elude Deputy McCarthy. Defendant, by his own words and his actions, willfully failed to obey, fled, and attempted to elude Deputy McCarthy. Defendant's efforts to distinguish the instant case from *Grayer*, 252 Mich App at 355-356, in which this Court found that there was sufficient evidence of fleeing and eluding, are inapposite and simply do not warrant reversal.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford